UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAZELL YORK and MICHAEL MCDONALD,

                      **Plaintiffs,**

  vs.                                              1:20-cv-01616
                                                        (MAD/ML)

BLAINE WALKER,

                      **Defendant.**
_____

APPEARANCES:                                 OF COUNSEL:

**LAW OFFICE OF DANIEL R.**          **DANIEL ROMEO SMALLS, ESQ.**
**SMALLS, PLLC**
251 State Street, Suite 202
Schenectady, New York 12305
Attorneys for Plaintiffs

**MURPHY BURNS LLP**                   **THOMAS K. MURPHY, ESQ.**
407 Albany Shaker Road
Loudonville, New York 12211
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On December 29, 2020, Plaintiffs Mazell York ("Plaintiff York") and Michael McDonald commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants City of Johnstown, City of Johnstown Police Department, Police Officer Blaine Walker ("Officer Walker"), and Police Officer Jase Kollar. *See* Dkt. No. 1. Plaintiffs' amended complaint asserts five causes of action under Section 1983: (1) the unlawful seizure of Plaintiffs in violation of the Fourth and Fourteenth Amendments against Officer Walker; (2) intentional infliction of emotional distress against Officer Walker and Officer Kollar; (3) failure to intervene against

Officer Kollar; (4) malicious prosecution against the City, Officer Walker, and Officer Kollar; and (5) municipal liability against the City and the Johnstown Police Department. *See* Dkt. No. 24 at ¶¶ 44-85. On June 21, 2022, this Court entered a Memorandum-Decision and Order (1) denying Defendants' motion for summary judgment as to Plaintiffs' first cause of action for unlawful seizure against Officer Walker; (2) granting the motion for summary judgment with respect to all of Plaintiffs' other claims; and (3) dismissing Defendants City of Johnstown, City of Johnstown Police Department, and Police Officer Jase Kollar from this action. *See* Dkt. No. 49 (the "June 21 Order").

Currently before the Court is Defendants' motion for reconsideration of the June 21 Order. *See* Dkt. No. 51. Plaintiffs oppose the motion. *See* Dkt. No. 52. For the reasons that follow, Defendants' motion is denied.

## II. BACKGROUND

For a complete recitation of the relevant background, the parties are referred to the June 21 Order. *See* Dkt. No. 49.

## III. DISCUSSION

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of

2

law or prevent manifest injustice.'" *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 4819995, *1 (N.D.N.Y. Oct. 15, 2021) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, there is no intervening change in controlling law, nor is there new evidence not previously available. Therefore, Defendants' motion for reconsideration is seeking to correct a clear error of law or prevent manifest injustice.

Stated broadly, Defendants argue that the Court erred in finding that Plaintiffs created a genuine issue of material fact as to Officer Walker's ability to see the object hanging from the vehicle's rearview mirror prior to the traffic stop. *See* Dkt. No. 51-2. Initially, to the extent that Defendants assert that Officer Walker's deposition testimony cannot be opposed by Plaintiff York's "self-serving and speculative [a]ffidavit," Dkt. No. 51-2 at 6 n.1, "[e]ven a self-serving affidavit can establish a genuine dispute of fact so long as the affidavit does not contradict the witness's prior testimony." *Dye v. Kopiec*, No. 16-CIV-2952, 2016 WL 7351810, *3 (S.D.N.Y. Dec. 16, 2016) (citing *Hayes v. N.Y.C. Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996)); *see also United States v. Stein*, 881 F.3d 853, 854 (11th Cir. 2018) (holding that an affidavit "may create an issue of material fact and preclude summary judgment even if it is self-serving and uncorroborated"). The substance of Plaintiff York's affidavit does not contradict his deposition testimony; rather, as Defendants specifically state, Plaintiff York "never testified at his deposition" about this issue. Dkt. No. 51-2 at 6 n.1; *see also Brown v. Reinauer Transp. Co., L.P.*, 788 Fed. Appx. 47, 49 (2d Cir. 2019) (holding that a party may create an issue of fact by submitting an affidavit in opposition to a summary judgment motion where the "'issue was not fully explored in the deposition, or the deponents' responses were ambiguous'") (quotation

3

omitted).

Defendants next assert that "the only evidence as to what Officer Walker observed" is testimony "from Officer Walker," whereas "[a]ny other statement about what Officer Walker may or may not have seen is inadmissible speculation." Dkt. No. 51-2 at 6. However, Plaintiff York's affidavit is not simply unsupported "speculation" about what Officer Walker may or may not have seen. As noted in the June 21 Order, Officer Walker's testimony was that, "[a]s the vehicle approached [his] position," he "observed an orange or red spherical object hanging from the rearview mirror of the vehicle ... which obstructed [Plaintiff York's] view of the roadway." Dkt. No. 46-4 at ¶ 25. Plaintiff York's affidavit states that (1) "as Officer ... Walker and I faced each other both of our headlights were on, and I was completely blinded from seeing inside of his vehicle," Dkt. No. 47-3 at ¶ 10; (2) Plaintiff York had noticed that he "was not able to see inside of [Officer Walker's] windshield until he was approximately 5 feet away" due to Officer Walker's headlights, *id.* at ¶ 6; and (3) as Plaintiff York approached Officer Walker's position—*i.e.*, during the period when Officer Walker testified that he spotted the object—their vehicles were "about 40 yards" apart at their closest point, *id.* at ¶ 13. All of this testimony—which is based on Plaintiff York's personal knowledge—is circumstantial evidence plainly relevant to Officer Walker's ability to spot the object hanging from Plaintiff York's rearview mirror as the vehicle approached him.[1]

The authority cited by Defendants is unpersuasive. First, the court in *Peterec v. Hilliard*

---

[1] The Court acknowledges that this affidavit also contains conclusory allegations about what Officer Walker was able to see. *See* Dkt. No. 46-4 at ¶ 10 ("I was completely blinded from seeing inside of his vehicle *as he was of mine*") (emphasis added); *id.* at ¶ 13 ("Office[r] ... Walker was also unable to see into my front windshield"); *id.* at ¶ 16 ("It would have been impossible for Officer Walker to see the object or to determine if that object obstructed my view"). However, some conclusory allegations in an affidavit do not allow the Court to disregard those statements based on personal knowledge.

4

did not grant summary judgment for a police officer defendant "despite claims by [the] plaintiff that 'Defendant could not have seen [the] nonfunctioning headlight.'"  Dkt. No. 51-2 at 7-8 (quoting *Peterec v. Hilliard*, No. 12-CV-3944, 2014 WL 6972475, *1 (S.D.N.Y. Dec. 8, 2014)).  Instead, the court granted summary judgment on a malicious prosecution claim on the ground that the underlying traffic violation was "not a criminal offense."  *Peterec*, 2014 WL 6972475, at *6; *see also Smith–Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000) (holding that the first element of a malicious prosecution claim is establishing that there was "the commencement or continuation of a criminal proceeding against the plaintiff").  In fact, the court then explicitly stated that it was declining to "delve into [the parties'] *factual disputes*" concerning whether the defendant could have seen a nonfunctioning headlight.  *Peterec*, 2014 WL 6972475, at *6 (emphasis added).

Furthermore, both *Public Administrator of Queens County v. City of New York* and *Mathieu v. Giambruno* are distinguishable from this case.  In those cases, the courts rejected the plaintiffs' speculation about the testimony of others—as Defendants suggest—but they did so only after finding that the plaintiffs had "offer[ed] no physical evidence or testimony of [their] own" to support their arguments.  *Pub. Adminstr. of Queens County v. City of New York*, No. 06-CIV-7099, 2010 WL 4457312, *9 (S.D.N.Y. Nov. 3, 2010); *see also Mathieu v. Giambruno*, No. 05-CIV-8098, 2008 WL 383509, *15 (S.D.N.Y. Feb. 11, 2008) (finding that there was "no evidence supporting [the plaintiff's] bare speculation" on what another witness could see).  In contrast, Plaintiff York is offering testimony based on his personal knowledge of the circumstances leading up to the traffic stop, providing a factual basis for his challenge to the substance of Officer Walker's testimony.

In sum, Defendants have not provided the Court with any controlling decisions or factual matters that present a clear error of law or manifest injustice arising from the June 21 Order.

Accordingly, Defendants' motion for reconsideration is denied.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration (Dkt. No. 51) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 26, 2022
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge